## FORFEITURE AGREEMENT

### I.  Definition of Terms

1.   This instrument is the "Forfeiture Agreement."

2.   The "Parties" to the Forfeiture Agreement are:

   a.   The United States of America represented by the United States Attorney for the District of Hawaii and his Assistants;

   b.   Audwin Aiwohi;

   c.   Danette Aiwohi;

   d.   The Lonesome Pine Ranch, Inc.;

   e.   Ginger Matsukawa; and

   f.   Richard Matsukawa.

3.   The "Defendant" is Audwin Aiwohi.

4.   The Forfeiture Agreement's "Effective Date" is the last date it is signed by one or more of the parties.

5.   The "Indictment" is the Indictment referred to in Paragraph 1 of the Memorandum of Plea Agreement in <u>United States of America v. Audwin Aiwohi</u>, Cr. No. 05-00206-01 JMS.

6.   The "Information" is the Information referred to in Paragraph 1.A. of the Memorandum of Plea Agreement in <u>United States of America v. Audwin Aiwohi</u>, Cr. No. <u>(To be determined)</u>.

7.   The "Family Home" is the real property known as 18-2458 Glenwood Road, Mountain View, Hawaii.



8.   The "Four Parcels" are:

a.   All of the certain parcel of land located at 16-2095 41st Street, Keaau, Hawaii.  The parcel is further identified as the parcel corresponding to the Hawaii Tax Map Key number 3-1-6-074-069-0000, titled in the name of Lonesome Pine Ranch, Inc.;

b.   All of the certain parcel of land located at 15-1855 19th Avenue, Keaau, Hawaii.  The parcel is further identified as the parcel corresponding to the Hawaii Tax Map Key number 3-1-5-023-174-0000, titled in the name of Lonesome Pine Ranch, Inc.;

c.   All of the certain parcel of land located at 18-1248 Orchid Place, Keaau, Hawaii.  The parcel is further identified as the parcel corresponding to the Hawaii Tax Map Key number 3-1-8-064-051-0000, titled in the name of Lonesome Pine Ranch, Inc.; and

d.   All of the certain parcel of land located at 16-2077 45th Street, Keaau, Hawaii.  The parcel is further identified as the parcel corresponding to the Hawaii Tax Map Key number 3-1-6-070-039-0000, titled in the name of Lonesome Pine Ranch, Inc.

9.   The "Settlement Payment" is a $700,000 payment to the United States to be made by cashier's checks on behalf of Audwin Aiwohi, by Audwin Aiwohi, Danette Aiwohi, and Lonesome Pine Ranch, Inc. on or before eighteen (18) months after the Effective Date.

10.  The "Cash" is the $192,523 in U.S. currency seized on May 12, 2005.

11.  The "Seven Vehicles" are:

a.   One silver 2005 Nissan Altima bearing Hawaii License Plate Number HFF275 and Vehicle Identification Number 1N4AL11D75C245635, registered in the name of

Danette Aiwohi;

b.   One green 2003 Ford F-350 Diesel 4x4 truck bearing Hawaii License Plate Number 497HDB and Vehicle Identification Number 1FTSF31P13EB99734, registered in the name of Lonesome Pine Ranch, Inc.;

c.   One Lee Boy 8500 Paver Bearing Serial Number 1886-LD and Vehicle Identification Number 1041299002708 with 12-ton Trailer bearing Vehicle Identification Number 42FDPHE4841000228, registered to Lonesome Pine Ranch, Inc.;

d.   One 1996 International Dumper bearing Hawaii License Plate Number 665HDD and Vehicle Identification Number 1HSHBAHN5TH368206, registered to Lonesome Pine Ranch, Inc.;

e.   One white 2002 Toyota Tacoma bearing Hawaii License Plate Number 781TPY and Vehicle Identification Number 5TEHN72N52Z137606, registered in the name of Danette Aiwohi;

f.   One 1990 International Stakebed bearing Hawaii License Plate Number 718HDD and Vehicle Identification Number 1HTSAZRM1LH694450, registered in the name of Lonesome Pine Ranch, Inc.; and

g.   One blue 2004 Big Dog Custom Motorcycle bearing Hawaii License Plate Number 476XGN and Vehicle

Identification Number 5J11GBJ114W000093, registered in
the name of Danette Aiwohi.

12.   The "Four Vehicles" to be returned are the silver 2005
Nissan Altima, the green 2003 Ford F-350 diesel 4x4 truck; the
Lee Boy 8500 Paver bearing serial number 1886-LD and VIN:
1041299002708 with a 12-ton trailer, VIN: 42FDPHE4841000228, and
the 1996 International Dumper described in Paragraphs 11a.-d.
above.

13.   The "Three Vehicles" to be forfeited are the white 2002
Toyota Tacoma, the 1990 International Stakebed, and the blue 2004
Big Dog custom motorcycle referred to in Paragraphs 11 e.-g.
above.

## II.  Parties' Interests in the Properties:

1.   The Family Home:  Audwin Aiwohi; Danette Aiwohi, Ginger
Matsukawa and Richard Matsukawa are the owners of the Family
Home;

2.   The Four Parcels:  Audwin Aiwohi; Danette Aiwohi; and
Lonesome Pine Ranch, Inc. are the owners of the four parcels;

3.   The Cash:  Audwin Aiwohi has an interest in and is a
co-owner of the Cash.  Danette Aiwohi claims a marital property
interest in the Cash.

4.   The Seven Vehicles:  Audwin Aiwohi; Danette Aiwohi, and
Lonesome Pine Ranch, Inc. are the owners of the Seven Vehicles;

5.   The Settlement Payment:  Audwin Aiwohi; Danette Aiwohi;

and Lonesome Pine Ranch, Inc. agree to be jointly and severally responsible for timely paying the Settlement Payment to the United States.

## III.  Properties to be Forfeited to the United States:

1.    The Cash pursuant to 21 U.S.C. §853(a)(1);

2.    The Settlement Payment pursuant to 19 U.S.C. §1613(c); and

3.    The Three Vehicles pursuant to 18 U.S.C. §982(a)(1).

## IV.  Real Property Exempt from Forfeiture to the United States:

The Family Home.

## V.  Personal Property Exempt from Forfeiture to the United States:

The Four Vehicles.

## VI.  Real Properties Subject to Conditional Forfeiture to the United States:

The Four Parcels.

## VII.  Performance of the Forfeiture Agreement

**Disposition of Real and Personal Property:**

1.    On the Effective Date:  the Cash and the Three Vehicles will be administratively forfeited to the United States pursuant to 21 U.S.C. §881(a)(6) and 18 U.S.C. §981(a)(1)(A); Within 5 business days from the Effective Date, the Four Vehicles will be returned to Danette Aiwohi and Lonesome Pine Ranch, Inc. in the same or substantially the same condition in which they were

seized at a location to be determined by the Drug Enforcement Administration; and the United States will take no further action to forfeit the Four Vehicles.

2.    On or before eighteen months after the Effective Date, Audwin Aiwohi, Danette Aiwohi and Lonesome Pine Ranch, Inc. shall pay and forfeit to the United States the Settlement Payment as provided in Paragraphs 5-10.

3.    The parties agree that the Settlement Payment may be derived from the net sale proceeds of one or more of the Four Parcels and/or any other lawful sources.

4.    The United States agrees to immediately file and record papers to remove any lis pendens or any other lien or encumbrance it has filed or recorded against the Four Parcels that could interfere with either the completion of the buildings under construction on the Four Parcels or the sale of any of the Four Parcels.

5.    The Settlement Payment shall be made as follows:

a.    Audwin Aiwohi, Danette Aiwohi and Lonesome Pine Ranch, Inc., shall pay $80,000.00 to the United States on or before seven days after the Effective Date.

b.    The $80,000 shall be paid by cashier's check as follows:

i.    $60,000.00 to the "United States Customs and Border Protection";

ii.  $20,000.00 to the "United States Treasury";
and

iii. All cashier's checks shall be delivered to:

> United States Attorney's Office
> 300 Ala Moana Boulevard, Room 6-100
> Honolulu, Hawaii 96850
> Attention: Chris A. Thomas, AUSA

c.   Audwin Aiwohi, Danette Aiwohi and Lonesome Pine
Ranch, Inc. shall pay the remaining $620,000.00 to the
United States on or before eighteen (18) months after
the Effective Date as stated in Paragraph 5d. below.

d.   The $620,000 shall be paid by cashier's check as
follows:

i.   $465,000.00 to the "United States Customs and
Border Protection";

ii.  $155,000.00 to the "United States Treasury";
and

iii. All cashier's checks shall be delivered to:

> United States Attorney's Office
> 300 Ala Moana Boulevard, Room 6-100
> Honolulu, Hawaii 96850
> Attention: Chris A. Thomas, AUSA

6.   The Settlement Payment shall be forfeited to the United
States in lieu of the forfeiture of the Four Parcels and shall be
treated in the same manner as the proceeds of sale of a forfeited
item as provided by 19 U.S.C. §1613(c).  The United States

Customs and Border Protection and the Internal Revenue Service
are authorized to dispose of the Settlement Payment in accordance
with law.

7.    The Settlement Payment shall be in full settlement and
satisfaction of any and all claims by the United States to
forfeit the Four Parcels, the Family Home, and the Four Vehicles
based on the offenses charged in the Indictment and Information.

8.    If the Settlement Payment is not timely paid as
provided for in the Forfeiture Agreement, Audwin Aiwohi, Danette
Aiwohi, and Lonesome Pine Ranch, Inc. each agree to the summary
forfeiture and disposition of the Four Parcels by the United
States Customs and Border Protection, or its designee, pursuant
to 18 U.S.C. §982(a)(1), under the following terms and
conditions:

> a.    The United States Customs and Borders Protection,
> and/or its designees, hereby are authorized to take all
> necessary actions to market and sell the Four Parcels
> for their fair market values and in accordance with
> law.  The fair market value of any of the Four Parcels
> will be determined by a certified real estate appraiser
> agreed upon by the parties.
>
> b.    Audwin Aiwohi, Danette Aiwohi and Lonesome Pine
> Ranch, Inc. agree to cooperate with the United States
> Customs and Border Protection, and/or its designees,

and to take all necessary actions to expeditiously implement the marketing and sale of the Four Parcels including the signing of all documents necessary for the marketing sale and transfer of title to each of the Four Parcels.

c.   The parties agree that upon the sale of each of the Four Parcels, the proceeds of each sale shall be distributed, to the extent received, in the following priority:

i.   First, to the United States Customs and Border Protection, all expenses relating to the seizure, maintenance, custody, and disposal of each of the Four Parcels sold, including the costs to be paid to any authorized contractor, realtor and/or realty company effecting the sale of the Four Parcels and closing costs such as escrow, title policy, and recording fees.

ii.   Second, any applicable property tax liability then due and owing on each of the Four Parcels sold.

iii.   Third, up to the total sum of $700,000.00 (the Settlement Payment) shall be paid to the United States in accordance with the provisions of Paragraph 7c. above.

iv.    Fourth, any remaining net proceeds shall be
returned and delivered to Danette Aiwohi and
Lonesome Pine Ranch, Inc. within ten (10) business
days of the closing date for the sale of the last
of the Four Parcels.

9.    The United States agrees to take no action to forfeit
the Family Home.

**Parties Not to be Prosecuted:**

1.    The United States will not charge Danette Aiwohi,
Lonesome Pine Ranch, Inc., Ginger Matsukawa or Richard Matsukawa,
with any criminal offenses related to Defendant's narcotics
trafficking and money laundering activities described in the
Indictment and the Information.

## VIII.  Costs, Attorney's Fees and Waiver of Appeal

The parties shall bear their own attorney's fees and other
costs of litigation and waive the right to appeal.

## IX.  Mutual Release

The parties, their officers, agents, employees and
assignees, hereby mutually release each other from any and all
claims, actions and liabilities arising out of or related to the
Indictment or Information, including, without limitation, any
claim for attorney's fees, costs or expenses on behalf of the
parties pursuant to 28 U.S.C. § 2465 or otherwise.

## X.  Consent

The parties consent to the Forfeiture Agreement.

For the United States:

Dated: _____2·23·06____,200~

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
FLORENCE T. NAKAKUNI
Chief, Narcotics Section

Dated: ___2/22/06___, 2005

_____
CHRIS A. THOMAS
Assistant U.S. Attorney

Dated: ___2/22/06___, 2005

_____
AUDWIN AIWOHI

Dated: ___2/22/06___, 2005

_____
REGINALD P. MINN
Attorney for Audwin Aiwohi

Dated: _____, 2005

_____
DANETTE AIWOHI

Dated: _____, 2005


                                    _____
                                    LONESOME PINE RANCH, INC.


Dated: _____, 2005


                                    _____
                                    GINGER MATSUKAWA


Dated: _____, 2005


                                    _____
                                    RICHARD MATSUKAWA


Dated: _____, 2005


                                    _____
                                    PAUL L. GABBERT
                                    Attorney for Danette Aiwohi
                                    Lonesome Pine Ranch, Inc.
                                    Ginger Matsukawa
                                    Richard Matsukawa

## X.  Consent

The parties consent to the Forfeiture Agreement.

For the United States:

Dated: _____, 2005

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
FLORENCE T. NAKAKUNI
Chief, Narcotics Section

Dated: _____, 2005

_____
CHRIS A. THOMAS
Assistant U.S. Attorney

Dated: _____, 2005

_____
AUDWIN AIWOHI

Dated: _____, 2005

_____
REGINALD P. MINN
Attorney for Audwin Aiwohi

Dated: _Feb 23rd_, 2005

_____
DANETTE AIWOHI

Page 11 of 12

Dated: _Feb 23_____ , 2005 6

_____
LONESOME PINE RANCH, INC.
V.P  Danette M. Aiwohi


Dated: _____ , 2005

_____
GINGER MATSUKAWA


Dated: _____ , 2005

_____
RICHARD MATSUKAWA


Dated: _____ , 2005

_____
PAUL L. GABBERT
Attorney for Danette Aiwohi
Lonesome Pine Ranch, Inc.
Ginger Matsukawa
Richard Matsukawa


Page 12 of 12

Dated: _____, 2005


Dated: *February 23, 2005*                    LONESOME PINE RANCH, INC.

                                              _____
                                              GINGER MATSUKAWA


Dated: _____, 2005

                                              _____
                                              RICHARD MATSUKAWA


Dated: _____, 2005

                                              _____
                                              PAUL L. GABBERT
                                              Attorney for Danette Aiwohi
                                              Lonesome Pine Ranch, Inc.
                                              Ginger Matsukawa
                                              Richard Matsukawa


Page 12 of 12

Dated: _____, 2005


LONESOME PINE RANCH, INC.

Dated: _____, 2005


GINGER MATSUKAWA

Dated: _2/2.3_____, 2005
                          Rym

RICHARD MATSUKAWA

Dated: _____, 2005


PAUL L. GABBERT
Attorney for Danette Aiwohi
Lonesome Pine Ranch, Inc.
Ginger Matsukawa
Richard Matsukawa

Dated: _____, 2005

_____
LONESOME PINE RANCH, INC.

Dated: _____, 2005

_____
GINGER MATSUKAWA

Dated: _____, 2005

_____
RICHARD MATSUKAWA

Dated: 2/22 _____, 2006

_____
PAUL L. GABBERT
Attorney for Danette Aiwohi
Lonesome Pine Ranch, Inc.
Ginger Matsukawa
Richard Matsukawa