REGINALD P. MINN 1810
Attorney at Law
Davies Pacific Center
841 Bishop Street, Suite 2116
Honolulu, Hawaii 96813
Telephone: (808) 526-9343
Facsimile: (808) 599-1645
Email: rpminn@gmail.com

Attorney for Defendant
AUDWIN AIWOHI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 06-00094-01 JMS |
|---|---|
| | ) CR. NO. 05-00206-01 JMS |
| v. | ) |
| | ) DEFENDANT AUDWIN AIWOHI'S |
| AUDWIN AIWOHI, | ) OBJECTIONS TO PROPOSED |
| | ) PRELIMINARY ORDER OF |
| Defendant. | ) FORFEITURE; EXHIBIT "A"; |
| | ) CERTIFICATE OF SERVICE |
| | ) |
| | ) |

DEFENDANT AUDWIN AIWOHI'S OBJECTIONS TO
PROPOSED PRELIMINARY ORDER OF FORFEITURE

Comes Now Defendant AUDWIN AIWOHI, by and through his attorney, Reginald P. Minn, and objects to the government's proposed Preliminary Order of Forfeiture, which is attached as Exhibit "A"; as follows:

Paragraph 5

Defendant Aiwohi contends that the first sentence of this paragraph is factually incorrect to the extent it indicates that there was a "subsequent discovery" that certain assets had been

adminstratively forfeited. Defendant contends that both the Plea Agreement and the Forfeiture Agreement in this case contemplated administrative forfeiture of the described assets. (See Section III 3. of the Forfeiture Agreement).

Paragraph 6

Defendant objects to the first sentence of this paragraph to the extent it also descibes the "subsequent discovery" relating to the administrative forfeiture of $191,573.00 in cash. Again, Defendant contends that administrative forfeiture of this money was intended by the parties. (See Section III 1. of the Forfeiture Agreement).

Paragraph 8

Defendant objects to the term "personal money judgment" contained in this paragraph. While the term "settlement payment" is expressly defined in the subject Forfeiture Agreement, the term "personal money judgment" is outside the scope of the Plea Agreement and the Forfeiture Agreement.

Defendant contends that the Forfeiture Agreement sets forth a detailed procedure relating to the timing and payment of the $700,000.00 settlement payment. It further provides that the remedy for the collection of the $700,000.00 payment, if it is not timely paid, shall be the forfeiture and sale of the four parcels described therein. (See Section VII 8. of the

Forfeiture Agreement). Conversion of the settlement payment to a personal money judgment constitutes a substantial and unauthorized expansion of the government's enforcement rights under the agreement.

Moreover, the conversion of the settlement payment to a personal money judgment also implicates the rights of third parties and could require an ancillary forfeiture hearing to adjudicate their rights.

<u>Paragraph 9</u>

Defendant objects to the term "personal money judgment" for the same reasons discussed above in the objection to Paragraph 8.

<u>Paragraph 10</u>

Defendant contends that the order of forfeiture should not become final until the Defendant has been sentenced.

DATED: Honolulu, Hawaii, January 11, 2007.

/s/ Reginald P. Minn
REGINALD P. MINN
Attorney for Defendant
AUDWIN AIWOHI

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Chris A. Thomas  chris.thomas@usdoj.gov  January 11, 2007

DATED:   Honolulu, Hawaii, January 11, 2007.

/s/ Reginald P. Minn
REGINALD P. MINN
Attorney for Defendant
AUDWIN AIWOHI